Law Offices of DENA MARIE YOUNG
State Bar Number 215344
740 4ᵗʰ Street, Second Floor
Santa Rosa, California 95404
Phone: (707) 528-9479
Fax: (707) 692-5314
E-Mail: dmyounglaw@gmail.com

Attorney for Defendant
LUKE D. BRUGNARA

## UNITED STATES COURT OF APPEALS

## FOR THE NINTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CA No. 15-10509 |
| | ) | |
| Plaintiff, | ) | |
| | ) | DC No. 3:14-cr-00306-WHA-1 |
| v. | ) | Northern California |
| | ) | (San Francisco) |
| LUKE D. BRUGNARA, | ) | |
| | ) | Counsel's Court-Ordered Response |
| Defendant. | ) | To Appellant's Pro Se Motions |
| | ) | |

## INTRODUCTION

On January 25, 2016, and February 5, 2016, BRUGNARA submitted *pro se* the following documents:

Memorandum Appeal to Set Aside Conviction and Memorandum and Bifurcated Appeal of Summary Contempt / New Trial (See Docket Entry 14-1)

Notice - Motion Appellant Luke Brugnara Proceeding Pro Se in Cs. #15-10509 (See Docket Entry 15)

On February 17, 2016, the Appellate Commissioner ordered court-appointed counsel to respond to BRUGNARA's motions. Counsel hereby submits a combined response to all three documents.

## STATEMENT OF THE CASE

Defendant LUKE D. BRUGNARA (BRUGNARA) was charged in the nine-count Second Superceding Indictment with wire fraud in violation of 18 U.S.C. §1343 (Counts One, Two, Three and Four), mail fraud in violation of 18 U.S.C. §1341 (Count Five), false declarations before a court in violation of 18 U.S.C. §1623 (Counts Six and Seven), escape in violation of 18 U.S.C. §751(a) (Count Eight), and contempt of court in violation of 18 U.S.C. §401(3)(Count Nine).

After a number of court-appointed attorneys had been relieved from representing him, BRUGNARA chose to and was permitted to represent himself at trial rather than wait any additional time in custody for new counsel to properly prepare for trial.

Trial commenced on April 27, 2015. On May 19, 2015, the jury returned a verdict of guilty on two counts of wire fraud (Counts Two and Four), one count of mail fraud (Count Five), one count of making a false declaration (Count Six), escape (Count Eight) and contempt of court (Count Nine). The jury returned not guilty verdicts on two wire fraud counts (Counts One and Three) and one count of making a false declaration (Count Seven).

In addition to the above convictions, BRUGNARA's conduct during the course of the trial resulted in a total of 13 citations for summary contempt totaling 471 days, which term was reduced slightly to 15 months at the time of sentencing.

Due to this behavior, BRUGNARA was no longer permitted to represent himself. Counsels George C. Boisseau and Dena Marie Young were jointly appointed to handle all post-trial proceedings in the District Court.

Counsel's Court Ordered Response to Appellant's Pro Se Motions

Following the denial of post-trial motions, in a three-day sentencing hearing, BRUGNARA was sentenced to imprisonment for a total term of 84 months: consisting of 69 months on Counts 2, 4, and 5; 60 months on Counts 6, 8, and 9, all counts to be served concurrently; with the 15 months for summary contempt to be served consecutively.

Judgment was entered on October 21, 2015.

Notice of Appeal was timely filed on the same date.

Present Counsel, Dena Marie Young, was appointed by this Court to handle the appeal.

## MEMORANDUM OF POINTS AND AUTHORITIES

### IT IS NOT IN BRUGNARA'S BEST INTEREST TO REPRESENT HIMSELF ON APPEAL BECAUSE HE LACKS THE PERSPECTIVE TO RECOGNIZE AND TO ADDRESS THE LEGITIMATE ISSUES IN HIS CASE

A criminal defendant's right to represent himself at trial is implied within the Sixth Amendment right to counsel. *Faretta v. California*, 422 U.S. 806, 819 (1975). The Sixth Amendment does not provide a corresponding right to self-representation on appeal. *Martinez v. Court of Appeal*, 528 U.S. 152, 159 (1999).

Appellate counsel has a duty as an advocate to "support his client's appeal to the best of his ability." *Anders v. California*, 386 U.S. 738, 744 (1967). However, the exercise of professional judgment as to the strengths and weaknesses of potential issues is a critical part of appellate advocacy. *Jones v. Barnes*, 463 U.S. 745, 752 (1983); *Miller v. Keeney* , 882 F.2d 1428, 1434 (9th Cir. 1989). Appointed counsel is not constitutionally compelled to press even non-frivolous points requested by the client, if counsel, as a matter of professional judgment, decides not to present those points. *Jones v. Barnes*, 463 U.S. at 751.

BRUGNARA was permitted to represent himself at trial. This situation arose because BRUGNARA's escape in violation of the District Court's furlough order put prior counsel in the position of being a potential witness against BRUGNARA at trial. New counsel was available to take the appointment, but would have required a short delay (2-3 months) to properly prepare for trial. BRUGNARA insisted on going to trial without further delay. BRUGNARA's behavior while representing himself resulted in 13 contempt citations for a total of 471 days which was reduced slightly to 15 months at the time of sentencing.

Present counsel, along with co-counsel George C. Boisseau, was appointed to represent BRUGNARA during the course of post-trial proceedings. BRUGNARA made several unsuccessful attempts to remove court-appointed counsel during that time, but was not permitted to do so by virtue of his trial behavior.

During the course of post-trial proceedings, counsel were able to hire an expert to appraise, for the first time, the art at issue in the case. As a result, it was discovered that the bulk of the art which was the subject of BRUGNARA's fraud charge, was, itself, fraudulent. Additionally, counsel were able to get BRUGNARA evaluated by a psychologist. The doctor's testing revealed that BRUGNARA was suffering from a combination of three major mental disorders, which resulted in psychotic and/or delusional thought processes. Present counsel, having reviewed the trial record, believes that these mental disorders directly impacted BRUGNARA's behavior at trial, and were the origin of the contemptuous behavior found by the district court. The post-trial diagnosis of BRUGNARA's mental disorders also leave open the question of his competency to represent himself both at trial and on appeal.

Counsel's Court Ordered Response to Appellant's Pro Se Motions

In his Memorandum Appeal to Set Aside Conviction, BRUGNARA asserts that the venue in this case was improper, and should have been in the Southern District of New York from where the art was shipped. Counsel is familiar with questions of venue, has researched the issue, and will present the issue on appeal if counsel deems it meritorious.

In his Memorandum-Bifurcated Appeal of Summary Contempt / New Trial, BRUGNARA asserts that the conduct which underlies each of the 13 summary contempt citations was not, in fact, contemptuous. Counsel has reviewed the trial record, and is familiar with the facts and circumstances surrounding these acts. At present, counsel is not aware of any authority which would permit this Court to hear an appeal of each individual summary contempt order independent of the underlying case in which the orders were generated. However, counsel will continue to research issues, and to develop an appellate strategy which best serves BRUGNARA's interests.

Throughout this case, BRUGNARA has made decisions which were detrimental to his own legal position. Counsel does not believe that it is in BRUGNARA's best interest to represent himself on appeal, as counsel can bring an outside perspective that he lacks. This case presents complex issues relating to BRUGNARA's mental status and how his mental status, coupled with his courtroom behavior, affects the propriety of the district court's decision to allow BRUGNARA to represent himself at trial. Counsel is concerned that BRUGNARA will waive these important issues through his inability or unwillingness to acknowledge his mental disorders if he was to represent himself.

Counsel's Court Ordered Response to Appellant's Pro Se Motions

## CONCLUSION

For the foregoing reasons, counsel respectfully requests that BRUGNARA not be permitted to represent himself on appeal.

Dated:          February 24, 2016

Respectfully submitted,

/s/
DENA MARIE YOUNG

Attorney for Defendant
LUKE D. BRUGNARA

Counsel's Court Ordered Response to Appellant's Pro Se Motions